IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
COMMODITY FUTURES TRADING      )
COMMISSION,                    )
                               )
            Plaintiff,         )      7:05 CV 5026
                               )
     v.                        )
                               )
                               )
TODD J. DELAY, JACK MCCAFFREY, and )   ORDER
JOHN D. LAWLESS,               )
                               )
            Defendants.        )
```

    Defendant Delay has filed a motion to bifurcate trial of this matter as between liability and damages. The other defendants have not opposed the motion. The plaintiff does oppose the motion. I have reviewed the arguments of counsel and all the materials filed in support and in opposition to the motion, and I conclude the motion should be granted.

    No case divides itself neatly as between issues of liability and those of damages or other remedies. There will always be some overlap of exhibits, witnesses, and even some issues. However, on the whole it appears to me that the efficiency of the parties and the court would be enhanced by allowing the bifurcation suggested by Delay. In the event no liability is found, of course, there would be no need for the second trial. But even if liability is found, it would further the interests of the parties to be in a position to more fully examine their evidence as to damages, and perhaps even to negotiate a settlement. In addition, the length of the trial in a case like this favors bifurcation, as at least several days of a ten-day trial would be saved if there is no liability or of the parties negotiate a settlement on the damages issues. To accommodate those instances where all agree time would be saved by counsel and/or witnesses or deponents by disregarding a

strict division of issues, I shall allow counsel to address those on an *ad hoc* basis.  For all of these reasons, I shall grant the motion to bifurcate.

Plaintiff has filed a motion seeking leave to supplement its expert's opinions in the event that discovery yield additional information that might influence those opinions.  The defendants have opposed the motion, and plaintiff has filed a reply.

I shall deny the motion.  The purpose of the time limitations in the progression order is to put an end to vacillating opinions and/or testimony of witnesses to reduce or eliminate surprise at trial.  The record[1] establishes no reason to allow a deviation from the deadline imposed.  If for some reason the case is not tried as now scheduled, reconsideration of this matter may be sought by appropriate motion.

IT THEREFORE HEREBY IS ORDERED:

1.  The motion of defendant Delay for bifurcation of trial, filing 118, is granted, and the trial commencing May 1, 2006 will be on issues of liability only.

2.  Discovery henceforth, except as otherwise agreed by counsel, shall be limited to issues of liability.

3.  In the event the plaintiff prevails on any issue or claim after the first trial, counsel shall confer and inform the undersigned within three weeks following the verdict and/or decision, of their joint, or if necessary, separate, views on an appropriate schedule for a second trial on damages.  Alternatively, counsel may request a scheduling conference with the court, in person or by phone, by requesting same of chambers staff.

4.  Defendant Delay's motion for leave to file supplemental response, filing 137, is granted, and the supplemental response has been considered.

---

[1] Counsel are admonished to familiarize themselves with the local rules of this court.  Evidence relating to motions is to be filed in an "Evidence Index," NOT attached to briefs.  In this instance I have considered the material attached to the briefs; it will not be done in the future.

     5.  Plaintiff's motion for leave to supplement expert's opinions, filing 133, is denied.

DATED February 16, 2006

                                            s/ *David L. Piester*
                                          United States Magistrate Judge