```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA


COMMODITY FUTURES TRADING        )
COMMISSION,                      )
                                 )
              Plaintiff,         )         7:05CV5026
                                 )
         v.                      )
                                 )
TODD J. DELAY, JACK MCCAFFERY    )         MEMORANDUM AND ORDER
and JOHN D. LAWLESS,             )
                                 )
              Defendants.        )
                                 )
```

Before me are several related motions, all concerning the attempt by defendant Delay (later joined by defendants McCaffery and Lawless) to not allow Dr. David Bessler, plaintiff's expert witness, to testify in the upcoming trial on liability. The motion has spawned numerous filings and it appears the court should rule on the matter promptly, lest this exchange go on indefinitely.

The motion alleges that plaintiff has not disclosed any expert opinion in support of its allegations in paragraph 54 of the Complaint, that the defendant caused an "artificial price" in the cattle feeder futures market. Filing 1, para. 54. The defendants all claim that when they examined the report of Dr. David Bessler, plaintiff's expert witness, they uniformly interpreted his opinions as relating only to issues of damages, not liability, and since the damages phase of the case has been bifurcated and delayed, did not prepare to meet Dr. Bessler's opinions. They support that interpretation with the fact that

Dr. Bessler's report nowhere mentions "artificial" in respect to anything else in the report, as well as with additional evidence.

In response, the plaintiff argues that Dr. Bessler's use of the term "counterfactual" in his report does address "artificial pricing" and therefore the defendants were not misled by the report, and Dr. Bessler should not be stricken from the plaintiff's roster of expert witnesses in the liability phase of the trial.  None of the parties have given the court a practical, working definition of "artificial pricing" or "counterfactual pricing."  From the lack of anything equating the terms, however, I infer they are not synonymous.  The supplemental evidence filed by defendant Delay supports such an inference.  Accordingly, Dr. Bessler will not be permitted to testify or give opinions regarding his "counterfactual" factors as they may relate to any "artificial price" evidence.  To the extent that his opinions and testimony disclosed in his original report may relate to other issues in the liability phase of the trial, however, I shall not disqualify him from so testifying.

IT THEREFORE HEREBY IS ORDERED,

1.  Defendant Delay's motion for leave to file supplemental reply and evidence, filing 203, is granted, and the additional brief and exhibits, filings 198 and 199, have been considered.

2.  Defendant Delay's motion for expedited determination, filing 172, is denied as moot.

3.  Defendant Delay's motion to exclude Dr. David Bessler from testifying during the liability phase of the trial, filing 169, is granted in part, and:

>   a.  Dr. Bessler's testimony shall be limited to the information in his initial report served on the defendants; and

      b.  Dr. Bessler shall not be permitted to opine on issues concerning "artificial" prices as an element of market manipulation or otherwise in support of the plaintiff's allegations of "artificial" pricing in paragraph 54 of the Complaint.

The motion is otherwise denied.

    DATED this 11th day of April, 2006.

                        BY THE COURT:

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge