IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | Case No. 7:05CV5026 |
| Plaintiff, | ) ) | |
| vs | ) ) | **MEMORANDUM AND ORDER** |
| TODD J. DELAY and JACK McCAFFERY, | ) ) ) ) | |
| Defendants.[1] | ) | |

Pending before me are various motions that are in the nature of motions in limine. With trial fast approaching, I now rule upon those motions and provide a brief explanation for my decision. In doing so, I thank counsel for their helpful oral arguments on April 20, 2006.

## *A Caveat About Experts*

I will not allow any of the experts to offer opinions that are legal conclusions. Nor will I allow experts to speak in pejorative terms. For example, I doubt (but do not finally decide) that an expert should be permitted to state that a price was "artificial" or that a motive was or was not "legitimate." However, I cannot

---

[1] While no judgment has been entered, John D. Lawless has been dismissed without prejudice on motion of the plaintiff. (Filing 252.) As a result of this dismissal, and in order to avoid confusion as the case proceeds to trial, I have shortened the caption to omit a reference to Lawless. When judgment is entered as between the plaintiff and Lawless, another caption appropriate to those specific parties will be utilized.

realistically make a call on these questions until I have the full context of the testimony at trial. So, counsel can and should feel free to make pertinent objections at the time of trial. The following specific rulings are predicated on this caveat.

### *Filing 207–Motion to Exclude Bessler Filed by Delay*

Delay seeks to prohibit the expert David A. Bessler from giving an opinion that the alleged sham transactions moved the index. There is sufficient foundation for this opinion and Bessler's methods appear to be reliable and fit the facts. There is no Daubert problem.[2] Indeed, in a reply brief, Delay admits that Bessler is right and agrees to stipulate to the results.

The motion will be denied. However, I urge the parties to try to work out a stipulation to avoid unnecessary testimony.

Incidentally, I see no contradiction between this ruling and Judge Piester's ruling that Bessler would not be allowed to give an opinion that the prices were artificial. Bessler's testimony that I have allowed relates to whether the index was in fact moved, assuming the transactions were shams, and Bessler's testimony that Judge Piester disallowed relates to whether the transactions were in fact shams.

### *Filing 210–Motion to Exclude Reference to CME Hearing Filed by Delay*

Delay wants me to prohibit any reference to the hearing held before the Chicago Mercantile Exchange wherein Delay was found to have violated Exchange rules. There has been no opposition to the motion.

---

[2] Indeed, I find no Daubert problems for any of the experts.

I will grant the motion with an important exception. That is, the plaintiff may request, during the trial, that I modify this ruling by making a showing outside the presence of the jury that information regarding the CME hearing is relevant, not unduly prejudicial, specifically needed and otherwise admissible for a specific purpose.

### *Filing 213–Motion to Exclude Manchester Filed by Plaintiff*

The plaintiff moves to exclude a portion of the testimony of Stephen Manchester regarding what is "artificial." The plaintiff asserts that Manchester should not be allowed to testify that even if the trades in question were not bona fide, their inclusion in the calculation of the futures market settlement price did not result in the creation of an artificial futures contract price. Essentially, Manchester is of the opinion that the index price could not be "artificial" even if moved by sham transactions because the "final settlement price was well within the range of USDA observed cash market prices . . . ." (Filing 215-2 at CM-ECF page 8 (Manchester's Report).)

I have deep reservations about Manchester's testimony. If the index is moved upward by a sham sale, has not the market been artificially influenced as a matter of law if anyone pays the settlement price that is calculated on the index? I am frank to say, however, that my understanding of how the index works and how it is used to determine price is barely better than my minimal understanding of Manchester's explanation of why the index does not matter. So, I will deny the motion in limine without prejudice to objections during Manchester's testimony.

### *Filing 216–Motion to Exclude Hayenga Filed by Plaintiff*

The plaintiff's motion to exclude the testimony Marvin Hayenga will be denied because, among other things, it is premature. Essentially, the plaintiff attacks the

foundation for the expert's opinion that there was an economic rationale for the transactions at issue. Simply put, if the proponent of the witness cannot lay the foundation for the expert's testimony, I shall exclude the testimony at trial. In this regard, I note that an expert is frequently permitted to testify based upon information that is not otherwise admissible in evidence.

### *Filing 234–Motion to Exclude Widga Filed by McCaffery*

The motion of defendant McCaffery related to the testimony of Dennis Widga will be granted in part and denied in part.

The objection—that a portion of Widga's proposed testimony is too speculative because it discusses what he would have done had he known the truth—is sustained. In addition to being speculative, the testimony is potentially misleading and confusing. Specifically, Widga will not be permitted to testify that he has never heard of a reported cash sale that was not consummated.

Regarding whether a memorandum the witness authored should be received in evidence over a hearsay objection, that question is a matter for trial and not for resolution by pretrial motion. If the defendant asserts a hearsay objection at trial, I shall rule on it then.

### *Filing 237–Motion to Exclude Adams Filed by McCaffery*

The motion of defendant McCaffery to exclude the testimony of Stephen Adams will be denied. Adams has sufficient background to testify on the subjects proposed by the plaintiff. The caveat earlier expressed will, of course, apply to Adams' testimony just like the testimony of the other experts.

IT IS ORDERED that:

1.      Delay's motion to exclude the testimony of Bessler (filing 207) is denied without prejudice to the assertion of objections at the time of trial. Plaintiff's motion to file a brief out of time (filing 247) is granted.

2.      Delay's motion to exclude reference to CME hearing (filing 210) is granted *except* that the plaintiff may request, during the trial, that I modify this ruling by making a showing outside the presence of the jury that information regarding the CME hearing is relevant, not unduly prejudicial, specifically needed and otherwise admissible for a specific purpose.

3.      Plaintiff's motion to exclude the testimony of Manchester (filing 213) is denied without prejudice to objections asserted at the time of trial.

4.      Plaintiff's motion to exclude the testimony of Hayenga (filing 216) is denied without prejudice to objections asserted at the time of trial.

5.      McCaffery's motion regarding Widga (filing 234) is granted in part and denied in part. Widga will not be permitted to testify that he has never heard of a reported cash sale that was not consummated and he will not be permitted to testify what he would have done had he known the truth. Otherwise, the motion is denied.

6.      McCaffery's motion to exclude the testimony of Adams (filing 237) is denied without prejudice to objections asserted at the time of trial.

April 21, 2006.                                         BY THE COURT:

                                                        s/ *Richard G. Kopf*
                                                        United States District Judge